UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
NEW YORK

OSITA EMMANUEL OKOCHA

    Plaintiff

-against-

COHEN & SLAMOWITZ, LLP

    Defendant(s)

Civil Action No. 08- 2810

GLEESON, J.

COMPLAINT AND DEMAND FOR JURY TRIAL

(Unlawful Debt Collection Practices)

AZRACK, J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 15 2008 ★
BROOKLYN OFFICE

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, et seq. (hereinafter called "FDCPA") and the State of New York General Business Law, Sections 38 to 380 (2005), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. The Plaintiff, by and through Counsel, in the above styled cause, and for his Complaint against the Defendant attorneys debt collector, Law Offices of Cohen & Slamowitz, LLP state as follows:

## II. JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. Section 169k(d), 28 U.S.C. Section 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Section 1367. Declaratory relief is available pursuant to 28 U.S.C Sections 2201 and 2202. Venue is proper in that the defendant transacted business here and the conduct complained of occurred here in violation of the Strict Liability Federal Statute.

## III. PARTIES

3. Plaintiff, EMMANUEL OSITA OKOCHA is a natural person residing in the County of Queens, State of New York.

4. Plaintiff is a "consumer", as codified at 15 U.S.C. Section 1681a(c).

5. Defendant, Cohen & Slamowitz, is a Limited Liability Partnership in the State of New York State, engaged in business of attorney debt collection services and has office located at 199 Crossways Park Drive, Woodbury, New York 11797. The principal purpose of Defendant business is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

6. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. Section 1692a.

## IV. FACTUAL ALLEGATIONS

7. On or about October 25, 2008, the Defendant sent a dunning letter to Plaintiff and Plaintiff requested a validation of the purported debt.

8. Plaintiff received notice from defendant dated October 25, 2006 from Law Offices of Cohen & Slamowitz, LLP, stating that HSBC Bank Nevada, N.A had referred their account to them for collection. Said notice contained the statement: "Unless you dispute the validity of this debt or any portion thereof within 30 days after receipt of this notice, we would assume the debt to be valid. If you notify this law firm, in writing, within the 30 day period, that the debt, or any portion thereof, is disputed, our law firm, will obtain verification of the debt and mail a copy of the verification to you. Upon your written request within 30 day period, our law firm will also provide you with the name and address of the original creditor, if different from the current creditor. This is a communication from a debt collector. This communication is an attempt to collect a debt

and any information obtained from this communication will be used for that purpose". Copy of the letter is annexed hereto as **Exhibits "1".**

9. Within the 30 day period plaintiff mailed a Debt Validation Letter dated November 3, 2006. A copy is annexed hereto as **Exhibit "2"**. When they failed to respond a second validation letter dated December 7, 2006 was sent. Again, a third validation letter dated February 1, 2007 was mailed to the defendant. There was an earlier Cease & Desist/Validation letter earlier mailed to HSBC Bank Card Services which was dated October 6, 2006. See the annexed copy as **Exhibit "3"**. The HSBC Bank acknowledged that they received the letter. See the copy annexed hereto as **Exhibit "4"**.

10. In the entire course of its action, defendant willfully and/or negligently violated 15 U.S.C 1692e (2) (A). In the entire course of its action, defendant willfully and/or negligently violated provisions of the Fair Debt Collection Practices Act ("FDCPA") in the following respects:

   (a). by failing to cease collection of an alleged debt after the plaintiff notified defendant in writing that the alleged debt was disputed, therefore violating 15 USC 1692g(b).

11. As a result of the above violations of the FDCPA, the defendant is liable to plaintiff for actual damages, statutory damages, punitive damages, attorney's fees and costs.

## V. FIRST CLAIM FOR RELIEF

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendants violated the FDCPA, Defendant's violations include, but not limited to, the following:

(a). The defendant violated 15 U.S.C. Section 1692c(c) by contacting the plaintiff after the plaintiff had requested the Defendant cease communication with plaintiff.

(b). The Defendant violated 15 U.S.C. Section 1692g(b) by failing to provide verification of the debt and continuing its debt collection efforts after the plaintiff had disputed the debt in writing within thirty days of receiving notice of the U.S.C. Section 1692g debt validation rights.

14. By failing to validate the purported debt and yet continued to pursue collection activity and filed for judgment in violation of FDCPA Section 809 (b).

15. As a result of the above violations of the FDCPA, the Defendant are liable to the Plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

16. Plaintiff repeats and realleges and incorporates by reference to the forgoing paragraphs.

17. Defendant obtained a default judgment by fraud by misrepresenting the factual and legal basis of their claim. The defendant appeared to have fraudulently abused the New York Civil Court policy dated July 27, 2001, which permits the clerk to enter a default judgment pursuant to CPLR 3215 upon a Summons and Complaint alleging a cause of action for account stated on the condition that the "affidavit of facts or verified complaint" include, inter alia, a statement that "no objection to [the accounting] has been made." However, the defendant deliberately misled the Court knowing or should have known that the account has always been in dispute. Moreover, the Affidavit said that a contract was attached; when they also knew that no such contract exists and has never

been able to produce one. Defendant has no legal basis to support any application for default judgment except by misrepresenting the facts. They provided inconsistent and contradictory statements and documents that show outright fraud on its face. In one instance the affidavit in support of their default judgment was sworn on January 2, 2007, before the action was filed on January 8, 2008 and before plaintiff was even served on January 29, 2007. In some of their affirmations they denied ever receiving the validation and/or discovery demands and yet turn around to say they received a particular validation letter and yet acknowledging receipt of discovery demands, which raises serious issues of credibility by denying the obvious. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. FDCPA Section 807, 15 U.S.C. Section 1692e.

18. The defendant's collection tactics in attempting to collect and by submitting false affidavits/affirmation amounted to fraud and abuse of judicial process.

19. There were multiple violations of Section 1692e (2) (a) and 1692e (10) for the false representation of the character, amount, or legal status of any debt.

20. Violations of Section 1692e (8) communicating information which is known to be false.

21. A debt collector may not use unfair or unconscionable means to collect or attempt an alleged debt. FDCPA Section 808 and 15 USC 1692f.

22. Falsely attempting to collect a debt when there was no legal basis to collect a disputed debt as account stated and continued to pursue a frivolous claim they knew or should have known that their actions were frivolous. Under the Fair Debt Collection Practices

Act, a debt collector may not misrepresent the amount of a debt or seek to collect an amount the consumer does not owe. 15 U.S.C. §§ 1692e(2)(A), f(1).

23. All actions of the defendant were done with malice and bad faith, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would likely harm Plaintiff and/or that its actions were taken in violation of the law.

24. Defendant actions were malicious, fraudulent and outrageous and hence entitle the plaintiff to punitive damages.

## VII. THIRD CLAIM FOR RELIEF

25. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

26. Defendants violated the FDCPA, Defendant's violations include, but not limited to, the following:

(a) *False, Misleading, Deceptive, or Unfair Practice/Unauthorized Charges.* Defendant violated 15 U.S.C. § 1692e (2) (A), 15 U.S.C. § 1692e (10), and 15 U.S.C. § 1692f (1), by falsely representing the amount of the debt in correspondence to Plaintiff.

(b) *False, Misleading, Deceptive, or Unfair Practice/False Representation of Obligation on Account.* Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f by using deceptive means to attempt to collect a debt.

(c) *False, Misleading, or Deceptive Practice.* Defendant violated 15 U.S.C. § 1692e (10), 15 U.S.C. § 1692e (2), 15 U.S.C. § 1692e (4), and 15 U.S.C. § 1692f (6) by attempting to collect a debt that is false.

(d) *False, Misleading, Deceptive, Unfair or Unconscionable Practice.* Defendant violated 15 U.S.C. § 1692e (2) (A), 15 U.S.C. § 1692e (10), and 15 U.S.C. § 1692f by attempting to collect on a spurious debt. The defendant's baseless claim on the alleged debt against Plaintiff constituted conduct the natural consequence of which was to harass, oppress, or abuse plaintiff in connection with the collection of the alleged debt, in violation of 15 U.S.C. §1692d.

27. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages of $1,000.00, and costs and attorney's fees:

(a). The defendant violated 15 U.S.C. Section 1692c(c ) by contacting the plaintiff after the plaintiff had requested the Defendant cease communication with plaintiff.

(b). The Defendant violated 15 U.S.C. Section 1692g(b) by failing to provide verification of the debt and continuing its debt collection efforts after the plaintiff had disputed the debt in writing within thirty days of receiving notice of the U.S.C. Section 1692g debt validation rights.

28. By failing to validate the purported debt and yet continued to pursue collection activity in violation of FDCPA Section 809 (b).

29. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**VIII. FOURTH CLAIM FOR RELIEF**

30. Plaintiff repeats and realleges and incorporates by reference to the forgoing paragraphs.

31. The defendant's collection tactics in attempting to collect and by submitting false affidavits/affirmation amounted to fraud and abuse of judicial process.

32. There were multiple violations of Section 1692e (2) (a) and 1692e (10) for the false representation of the character, amount, or legal status of any debt.

33. Violations of Section 1692e (8) communicating information which is known to be false.

34. A debt collector may not use unfair or unconscionable means to collect or attempt an alleged debt. FDCPA Section 808 and 15 USC 1692f.

35. Falsely attempting to collect a debt when there was no legal basis to collect a disputed debt as account stated and continued to pursue a frivolous claim they knew or should have known that their actions were frivolous.

36. All actions of the defendant were done with malice and bad faith, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would likely harm Plaintiff and/or that its actions were taken in violation of the law.

37. Defendant actions were malicious, fraudulent and outrageous and hence entitle the plaintiff to punitive damages.

## IX. FIFTH CLAIM FOR RELIEF

38. Plaintiff repeats, realleges and incorporates by reference to the foregoing paragraphs.

39. As a result of the foregoing acts and practices of Unfair and Deceptive Practices, damages have been sustained by the plaintiff, as defendants have violated the provisions of GBL 349, which prohibit unfair and deceptive practices in the conduct of any business, defined as a course of conduct having the capacity, tendency or effect of deceiving or misleading consumers.

## X. SIXTH CLAIM FOR RELIEF

40. Plaintiff repeats, realleges and incorporate by reference to the foregoing paragraphs.

41. Pursuant to the common law of fraud, defendant have made various representations as to such program, which representations were false when made and known by defendants to be false.

42. The said statements were so made by defendant for the purpose and with the intent of deceiving, defrauding plaintiff into a costly and emotionally draining frivolous and unnecessary litigation.

43. The misrepresentations made by defendant were falsely made to unduly influence the outcome of any court decision.

44. As a result of such fraudulent conduct plaintiff have been damaged.

## XI. SEVENTH CLAIM FOR RELIEF

45. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

46. Defendant acts as described above were done intentionally with the purpose of coercing plaintiff to pay the alleged debt.

47. As a result of the acts alleged above, Plaintiff suffered headaches, nausea,, loss of appetite, nightmares, insomnia, night sweats, emotional paralysis, inability to think or function at work, shortness of breath, anxiety, nervousness, fear, worry, irritability, hysteria, embarrassment, humiliation, indignation, loss of time from work, pain and suffering and expenses.

48. As a result of the above violations, the defendant is liable to the plaintiff for actual damages, statutory damages, punitive damages and attorney fees and costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that defendant's conduct violated the FDCPA;

B. Actual damages to be determined by the Judge or Jury

C. Statutory damages pursuant to 15 U.S.C. Section 1692K.

D. $1,000.00 statutory damages, pursuant to New York General Business Law § 349(h);

E. Award of compensatory, statutory and punitive damages pursuant to N.Y. General Business Law § 349(h);

F. Punitive damages to be determined by the Judge or Jury;

G. Costs and reasonable attorney's fees pursuant to 15 U.S.C. Section 1692 and other applicable provisions of the law;

H. Award to respondent reasonable attorney's fees and costs and disbursements of the action pursuant to 15 U.S.C. § 1692k (a), 42 U.S.C. § 1988 and N.Y. General Business Law §349(h);

I  an order enjoining Defendant from further violations of the FDCPA and the N.Y General Business Law Section 349(h), and enjoining Defendant from the collection of time barred and/or stale debt; and

J. For such other and further relief as may be just and proper.

Dated: Brooklyn, New York
July 6, 2008

                        Respectfully submitted,

                        NNEBE & NNEBE

                        By: _____
                            O. Valentine Nnebe, Esq. (ON6147)

255 Livingston Street, 4th Floor
Brooklyn, NY 11217
Phone: (718) 874-6421
Fax: (718) 502-9953

## VERIFICATION

STATE OF NEW YORK )
COUNTY OF KINGS   ) SS.:

Osita Emmanuel Okocha, being duly sworn, deposes and says:

I am one of the named plaintiffs in the within action. I have read the foregoing verified complaint and know the contents thereof and the same is true to my own knowledge except as those matters alleged to be upon information and belief, and that as to those matters, I believe them to be true.

_____
Osita Emmanuel Okocha

Sworn to before me this
7th day of July, 2008.

_____
Notary Public

VALENTINE O. NNEBE
Notary Public, State of New York
No. 02NN6131702
Qualified in Kings County
Commission Expires August 15, 2009

10