UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
_____

EMMANUEL OSITA OKOCHA

        Plaintiff,                    Civil Case No.: CV 08 2810 (JG) (JMA)

        -against-

COHEN & SLAMOWITZ, LLP              ANSWER

        Defendant(s)
_____

### ANSWER TO DEFENDANT'S COUNTER CLAIM

1.      The allegation contained in paragraph "15" set forth the defendant's characterization of this proceeding and thus do not warrant a response.

2.      Denies the allegation set forth in paragraph "16".

3.      Denies each and every allegation in paragraph "17".

### As and for the First Affirmative Defense

4.      That the Court lacks the jurisdiction to entertain Defendant's Counterclaim based on the ground that it is not a permissive Counterclaim and it is not supported by independent grounds for federal jurisdiction.

### As and for the Second Affirmative Defense

5.      Defendant failed to state a claim upon which relief can be granted. Defendant's Counterclaim and each claim therein fails to state facts sufficient to constitute a cause of action against the Plaintiff for which relief can be granted.

### As and for the Third Affirmative Defense

6.      That the Defendant lacks the standing to bring a Counterclaim and therefore no federal jurisdiction exists. The Counterclaim is not ripe for controversy and is thus not justiciable.

### As and for the Fourth Affirmative Defense

7.      Defendant failed to comply with normal and accepted business practices. Plaintiff invokes the Doctrine of Unclean Hands as Plaintiff alleges that the Defendant or the Law Office of Cohen & Slamowitz acted in a dishonest or fraudulent manner with respect to the dispute at issue in this case.

## As and for the Fifth Affirmative Defense

8.      Defendant's claim is in violation of Federal Statute and State laws.

## As and for the Sixth Affirmative Defense

9.      Plaintiff alleges damages as a result of acts or omissions committed by the Defendant.

## As and for the Seventh Affirmative Defense

10.      Plaintiff claims that the alleged Counterclaim is baseless, frivolous, and meritless and alleges that Defendant has committed fraud by providing false and fraudulent affirmations and documents.

## As for and the Eighth Affirmative Defense

11.      Defendant violated rules of professional ethics contrary to 22 N.Y.C.R.R. Section 130-1.1a. Pursuant to the Rules of the Chief Administrator, N.Y. Comp. Codes R. & Regs. tit. 22, Section 130 1-1.1 (a), the court may impose sanctions upon a party or attorney who engages in frivolous conduct. Conduct is deemed frivolous if, inter alia, it asserts material factual statements that are false. N.Y.Comp. Codes R. & Regs. tit. 22, Section 130 1-1.1 (c) (3). The court may impose sanctions on its own initiative, after a reasonable opportunity to be heard N.Y. Comp. Codes R. & Regs. tit. 22, Section 130 1-1.1 (d). It is a violation of the Disciplinary Rules of the Code of Professional Responsibility for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. N.Y. Comp. codes R. & Regs. tit. 22 Section 1200.3. Heritage East-West, LLC v. Chi Won Chung et al. [63686/04 – Civil Court of the City of New York, Queens County] 2004 NY Slip Op 24460; 6Misch. 3d 523; 785 N.Y.S. 2d 317; 2004 N.Y. Misc. LEXIS 2296. A lawyer is

under a duty to know how a client's file is being handled and can not simply claim ignorance of another's misconduct. The fraud perpetrated by the defendant is blatantly open and is not as a result of good faith error. It was deliberate, intentional and calculated to deceive the court and to obtain judgment by fraud and influence each other outcomes of the Court's Decisions, Orders and Judgments. Again, the defendant continued to pursue a claim when they knew or should have known that their action is frivolous and baseless.

**As for and the Ninth Affirmative Defense**

12.     Plaintiff reserves the right to amend and/or add additional Causes of Action to his Complaint or files Supplemental Complaint, Answers, and Defenses and/or makes an appropriate Motion to Dismiss the Counterclaim at a later date. That Defendant's Affirmative Defenses should all be stricken out especially Defendant's Second Affirmative Defense as any Statute of Limitation is tolled based on the fact that the subject matter that gave rise to this present action is ongoing and is continuing to the present. Again, the Counterclaim is not permissive and no independent federal jurisdiction exists.

**WHEREFORE**, Plaintiff respectfully requests the Court to dismiss the Defendant's Counterclaim with Sanctions and grant such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
          September 17, 2008

Respectfully submitted,

NNEBE & NNEBE

By:  /s/ O. Valentine Nnebe _____
      O. Valentine Nnebe, Esq. (ON6147)

255 Livingston Street, 4th Floor
Brooklyn, NY 11217
Phone: (718) 874-6421
Fax: (718) 502-9953

3